Armand CORTELLESSO
a/k/a Patriot Homes

v.

TOWN OF SMITHFIELD ZONING
BOARD OF REVIEW.

No. 2005–21–Appeal.

Supreme Court of Rhode Island.

Nov. 10, 2005.

Jeffrey S. Fleischaker, Cranston.

Edmund L. Alves, Jr., Providence.

## ORDER

Armand Cortellesso a/k/a Patriot Homes appeals from a decision of the State Housing Appeals Board (SHAB) dismissing his appeal from a decision of the Town of Smithfield Zoning Board of Review (zoning board) for lack of standing. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised on appeal should not summarily be decided. After considering the written and oral submissions of the parties and examining the record, we discern no such cause and shall decide the case without further briefing or argument. For reasons hereinafter set forth, we affirm the decision of SHAB.

On January 2, 2004, Mr. Cortellesso filed a comprehensive permit application with the zoning board pursuant to the Rhode Island Low and Moderate Income Housing Act, G.L. 1956 chapter 53 of title 45 (the act), to create sixty single-family home sites on four parcels of real estate, comprising a total of approximately sixty-eight acres. Twenty percent of the sites were intended to provide affordable housing under the act. Mr. Cortellesso owned two of the parcels totaling approximately sixty-five acres; the other parcels were owned by Bilal R. Hussain and the Estate of Ruth W. Lebeck.

The zoning board scheduled a public hearing on the application for January 28, 2004. Faced with a long docket that evening, however, the zoning board allowed Mr. Cortellesso's attorney to make only a brief opening statement, continuing the matter to February 28, 2004, for further hearing.[1]

Before the second hearing, the General Assembly amended the act by imposing a moratorium on "use of the provisions of [the act] by private for-profit developers, which * * * shall be effective on [February 13, 2004] and shall expire on January 31, 2005 * * *." P.L. 2004, ch. 4, § 1 (codified as amended at § 45–53–4(b)). Also on February 13, 2004, Mr. Cortellesso conveyed his interest in the subject property by quitclaim deed to Hoxie Farms, LLC, an entity over which he claims to have exclusive and complete control. According to Mr. Cortellesso, he formed Hoxie Farms, LLC, on February 12, 2004, as part of an overall routine business plan to shield himself from personal liability on his development investment. Hoxie Farms, LLC was not made a party to the previous proceedings and is not a party today.

Citing the moratorium, the zoning board thereafter declined to review the merits of Mr. Cortellesso's application and continued the matter for a hearing on February 23, 2005.[2] On April 6, 2004, Mr. Cortellesso

1. The transcript of the January 28, 2004 meeting states that the matter would be continued until February 25, 2004. However, the meeting actually took place on February 28, 2004.

2. It is not clear from the record whether the zoning board continued the hearing to February 23, 2005 at its February 28, 2004 meeting, or whether the hearing was continued to

filed a notice of appeal with SHAB, asking it to issue an order compelling the zoning board to immediately schedule additional hearings and complete review of his application.[3]

While the appeal with SHAB was pending, the General Assembly again amended the act, in July 2004, by requiring SHAB to rule on all appeals filed before August 1, 2004, to determine whether the applications were substantially complete as of February 13, 2004. P.L. 2004, ch. 286, § 10 (codified as amended at § 45–53–6(f)(1)).[4] Specifically, the statute called upon SHAB to: (1) determine the substantial completeness of ten criteria set forth in subsections 6(f)(i)(A) through (J), or (2) consider whether the zoning board either had determined that the application was substantially complete or that the board had acted in a manner demonstrating that it considered the application substantially complete. Section 45–53–6(f)(ii). The amendment further required SHAB to remand to the respective zoning board for further hearings those applications deemed to be substantially complete as of February 13, 2004. Section 45–53–6(f)(2).

Pursuant to the July 2004 amendment, SHAB heard oral arguments concerning Mr. Cortellesso's appeal on November 8, 2004. The town argued that he had no standing to prosecute the appeal because he no longer was the title owner of the property listed in the application. The town also asserted that the application contained insufficient information with respect to five of the ten statutory criteria.

Mr. Cortellesso countered that his application was substantially complete as of February 13, 2004, both because it met substantially all the requirements set forth in § 45–53–6(f)(1)(i) and because the town's actions demonstrated that it considered the application to be substantially complete in accordance with § 45–53–6(f)(1)(ii).

SHAB held a subsequent hearing, on December 8, 2004, during which SHAB unanimously voted to deny Mr. Cortellesso's appeal for lack of standing. SHAB said that § 45–53–6(f) required SHAB to determine substantial completeness based on the administrative record as of February 13, 2004. Because Mr. Cortellesso no longer was the record owner of the subject property as of that date, notwithstanding the fact that he was the sole member and owner of Hoxie Farms, LLC, SHAB determined that Mr. Cortellesso lacked standing to prosecute the appeal in a personal capacity. SHAB issued a written decision on December 29, 2004, from which Mr. Cortellesso timely appealed.

On appeal, Mr. Cortellesso argues that SHAB's decision exceeded the bounds of statutory authority, that SHAB had, in fact, violated statutory provisions, and further that SHAB's decision was arbitrary and capricious. Specifically, he contends: (1) that the express provisions of § 45–53–6(f) require SHAB to determine whether the application was substantially complete; (2) that by failing to review the application for substantial completeness SHAB acted in excess of its statutory authority; and (3)

March 31, 2004, and then to February 23, 2005.

**3.** The town solicitor asserted in a memorandum submitted to SHAB, and Mr. Cortellesso acknowledged at oral argument, that on April 22, 2004, the Smithfield Planning Board approved a master plan submitted by Hoxie Farms, LLC for a thirty-six lot conventional subdivision on substantially the same property as is the subject of Mr. Cortellesso's comprehensive permit application. This master plan covered approximately sixty-five of the sixty-eight acres originally proposed in his application.

**4.** General Laws 1956 § 45–53–6 was amended by identical amendments to this section, P.L. 2004, ch. 286, § 10 and P.L. 2004, ch. 324, § 10.

the decision was arbitrary and capricious in that it dismissed the appeal on a "procedural error" or "technicality."

This Court's standard when reviewing a SHAB decision "is analogous to that applied by the Superior Court in considering appeals from local zoning boards." *Kaveny v. Town of Cumberland Zoning Board of Review*, 875 A.2d 1, 7 (R.I.2005) (quoting *Curran v. Church Community Housing Corp.*, 672 A.2d 453, 454 (R.I.1996)). "A SHAB decision may be reversed by this Court if it violates constitutional or statutory provisions, was made in excess of statutory authority or upon error of law, or was otherwise clearly erroneous in view of the evidence or was otherwise arbitrary or capricious." *Town of Coventry Zoning Board of Review v. Omni Development Corp.*, 814 A.2d 889, 898 (R.I.2003).

In considering the issue of standing concerning SHAB appeals, we have held that "aggrievement remains a fundamental prerequisite for a party to possess the requisite standing to obtain judicial review of SHAB decisions and orders." *Omni Development Corp.*, 814 A.2d at 897. In *Omni*, we further held that "in order to obtain review of a zoning board decision that approved a special exception for low and moderate housing by the zoning board, the appeal must be taken by an aggrieved person who has an actual stake in the outcome of the controversy." *Id.* at 896.

The act required that SHAB rule on "the substantial completeness of applications as of February 13, 2004 * * *." Section 45–53–6(f)(1). On that date, however, Mr. Cortellesso executed a quitclaim deed transferring his interest in the subject property to Hoxie Farms, LLC, thereby divesting himself of all legal interest that he held in the property in his individual capacity. Moreover, the application was never amended to identify the actual owner of such property. Although Mr. Cortellesso claims to be the sole member of Hoxie Farms, LLC, a limited liability company is a legal entity distinct from its members. *See* G.L.1956 §§ 7–16–23 and 7–16–68. As a consequence of his conveyance, Mr. Cortellesso no longer has a stake in the application for a comprehensive permit in his individual capacity. In light of these circumstances, we are satisfied that the decision of SHAB was neither arbitrary, capricious, clearly erroneous, nor in excess of statutory authority.

For the foregoing reasons, we affirm SHAB's decision to deny Mr. Cortellesso's appeal for lack of standing, to which board we remand the record in this case.