DECISION
This is before the Court on the Motion of Calvi Realty Co., Inc. and Stop Shop Supermarket Co. ("the applicants") to dismiss the appeal from the Cranston Zoning Board.
 Facts
Stop Shop Supermarket Co. applied to the Cranston Zoning Board of Review for a special use permit to install gasoline dispensers on property owned by Calvi Realty Co., Inc. Drake Petroleum Co., Inc. ("Drake") was an owner of abutting property, attended the zoning board hearing, and objected. The zoning application was approved in October, 2008, and Drake promptly appealed.
On November 5, 2009, Drake conveyed its property to Ismail, LLC. At the closing, Ismail, LLC financed its acquisition with a mortgage to Drake. Drake therefore received and recorded a mortgage deed encumbering the property which abuts the applicants' property. *Page 2 
The applicants allege that as Drake no longer owns the abutting property, it no longer has a standing to prosecute this administrative appeal.
 Analysis
Standing is an issue of such critical importance that it may even be raised sua sponte. Decesare v. Board of Elections,104 R.I. 136, 242 A.2d 421 (R.I. 1968). The normal requirement for a party to have standing in the case is a "stake in the outcome".Summers v. Earth Island Institute, 555 U.S. 1142,1149, 129 S.Ct. 1142, 1148-49, 173 L.Ed.2d 1 (2009) (quotingWarth v. Seldin,422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). This requirement ensures that the parties which contest the issues are sufficiently concerned and interested to properly litigate the issue. See Town of Coventry v. Zoning Board of Review v.Omni Development Corp, 814 A.2d 889, 898 (R.I. 2003).
The Rhode Island zoning statutes specifically define which parties have standing. G.L. l956 § 45-4-69 governs zoning board appeals, stating in part "(a) An aggrieved party may appeal a decision of the zoning board of review to the superior court for the county . . ."
G.L. 1956 § 45-24-31 defines and limits the terms used in the chapter, stating in part:
 (4) Aggrieved Party. An aggrieved party, for purposes of this chapter, shall be:
 (i) Any person or persons or entity or entities who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town; or
 (ii) Anyone requiring notice pursuant to this chapter. Section 45-24-31 *Page 3 
Past decisions of our High Court charted the waters of the standing statute. Drake can no longer demonstrate that its property will be injured as it no longer has an ownership interest in the real estate. Town of Coventry, supra;Cortellesso v. Town of Smithfield Zoning Board of Review,888 A.2d 979 (R.I. 2005).[1] Drake claims that its mortgage interest gives it a stake in the outcome.
A mortgage is merely a lien on property and an interest thereon, if any, is conditional and limited. See Powell on RealProperty, §§ 36-2, 37-10, Black's Law Dictionary, p. 466. A mortgage is not an ownership interest but an entitlement to foreclose if mortgage conditions or covenants are not met. Rhode Island decisions which infer any greater interest for a mortgagee view the respective positions of the parties after the mortgage has been foreclosed.140 Reservoir Avenue Associates v. Sepe Investments, LLC., 941 A.2d 805 (R.I. 2007; In ReD'Ellena, 640 A.2d 530 (R.I. 1994). Here, there is no indication that Drake has foreclosed or is likely to do so.
The statute specifically states that a party claiming standing under § 45-24-31 (4)(i) "can demonstrate that their property will be injured" to acquire standing. Here, the appellant has failed to establish that its property would be injured by a decision of this Court (even assuming, for the sake of argument, that a mortgage constitutes a sufficient property interest).
In the same, appellant has failed to reference a particular statute in the zoning chapter which would entitle him to notice, and therefore standing, pursuant to § 45-24-31(4)(ii). Nevertheless, the procedure for an appeal from the zoning board to this Court *Page 4 
is specifically set forth in R.I.G.L. §§ 45-24 69, et.seq. Section 45-24-69 (a) specifies the standing of particular persons:
 . . . When the complaint is filed by someone other than the original applicant or appellant, the original applicant or appellant and the members of the zoning board are made parties to the proceedings.[2]
Note that this statute does not say that any participant at the zoning board may appeal, or that they must have specific notice. Accordingly, the Court cannot conclude that § 45-24-31(4)(ii) provides this appellant with standing here.
 Conclusion
For the reasons stated, Drake has failed to demonstrate that it has standing to present this appeal. It does not have a true stake in the outcome. Calvi Realty Co., Inc. and Stop and Shop Supermarket Co. have established that Drake does not have standing to appeal the decision of the Cranston Zoning Board of Review.
The motion to dismiss the appeal is granted, and the appeal is dismissed.
[1] A variety of cases have defined the need for a true ownership interest in the property, including Chapdelaine v. Zoning Boardof Review of Johnston, 2005 WL 1837009, RI Superior, August 1, 2005, PC 05-1770. Famiano v. Zoning Board ofReview for Warwick, 2005 WL 674876 KC 04-197, March 16, 2005;Wolf v. Zoning Board of Review of Coventry, 1997 WL: 1526528, KC 95-59, May 8, 1997.
[2] Drake was not the applicant or appellant before the zoning board.